```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

PONCHARTRAIN GUEST HOUSE,                CIVIL ACTION
INC.

VERSUS                                   NO: 06-11196

EUSTIS INSURANCE CO., ET AL.             SECTION: "A" (4)
```

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 4)** filed by Eustis Insurance, Inc. Plaintiff, Ponchartrain Guest House, Inc., has not filed an opposition to the motion. The motion, set for hearing on February 7, 2007, is before the Court on the briefs without oral argument.

### I.    BACKGROUND

Plaintiff initiated this lawsuit in state court. Plaintiff seeks recovery under a policy of insurance issued by defendant Travelers Property Casualty of America ("Travelers"), incorrectly named as St. Paul's Travelers Insurance Co. Plaintiff claims that its commercial property located in Mandeville, Louisiana sustained damages during Hurricane Katrina. The petition does

not explain in detail the specific error or omission committed by defendant Eustis.  Plaintiff and Eustis are both citizens of Louisiana.

Travelers removed this case to federal court alleging diversity jurisdiction based on its contention that Plaintiff fraudulently joined Eustis.

Eustis now moves for summary judgment.

## II.   DISCUSSION

The motion is DENIED.  First, this case remains in federal court based solely on Traveler's *allegation* that Plaintiff fraudulently joined Eustis.  But for the allegation of fraudulent joinder, Eustis's presence in this lawsuit would destroy subject matter jurisdiction and require the Court to remand the case.  Under principles of fraudulent or improper joinder, the Court *ignores* Eustis's presence in the lawsuit in order to retain the case in federal court.  Eustis makes no attempt to explain in its motion how this Court has jurisdiction to entertain a merits-based motion filed by this non-diverse defendant.  See Jewell v. Dudley L. Moore Ins., Inc., 872 F. Supp. 1517 (M.D. La. 1995).

Second, even assuming that Eustis has standing to file such a motion, Eustis has submitted three pages of rote summary judgment black letter law which contain no argument with respect to this case.  The moving party bears the burden, as an initial

2

matter, of showing the district court that there is an absence of evidence to support the nonmoving party's case. <u>Littlefield v. Forney Indep. School Dist.</u>, 268 F.3d 275, 282 (5th Cir.2001) (citing <u>Smith v. Brenoettsy</u>, 158 F.3d 908, 911 (5th Cir.1998); <u>Tolson v. Avondale Indus., Inc.</u>, 141 F.3d 604, 608 (5th Cir.1998)). <u>Id.</u> (citing <u>Celotex</u>, 477 U.S. at 325, 106 S. Ct. at 2548). If the moving party fails to meet this initial burden, the motion must be denied regardless of the nonmoving party's response. <u>Id.</u>

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 4)** filed by Eustis Insurance, Inc. should be and is hereby **DENIED**.

February 2, 2007

---
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

3